IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-42-2BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| SHAUNA LOCKLEAR, | ) |
| Defendant. | ) |

This matter comes before the Court on defendant's *pro se* motion for an order recommending that she serve the final twelve months of her sentence in a community corrections center. The government has responded in opposition to defendant's request and the matter is ripe for ruling.

Ms. Locklear currently is serving a 128-month sentence in the custody of the Bureau of Prisons. Though it is clear that defendant desires a reduction in her sentence based on post-sentencing circumstances, she cites no legal authority for such a reduction. The general rule is that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). "[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Unfortunately, *Pepper* is inapposite here, as defendant's sentence has not been set aside on appeal nor has her case has not been remanded for resentencing. Similarly, 18 U.S.C. § 3742 does not "grant jurisdiction to a district court to review a final sentence." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). Additionally,

decisions made regarding re-entry into the community are within the sole discretion of the Federal Bureau of Prisons. 42 U.S.C. § 17541; 18 U.S.C. § 3624(c)(6)(C).

While defendant may use federal habeas corpus to challenge a decision regarding her request for community placement, *see, e.g., Woodall v. Federal Bureau of Prisons*, 423 F.3d 235, 243 (3rd Cir. 2005), the instant motion does not allege that she has made such a request within the Bureau of Prisons or that it has been denied. Accordingly, the Court will not re-characterize her motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] In sum, defendant has articulated no authority that would allow her sentence to be modified. Accordingly, her motion for sentence reduction [DE 94] is DENIED.

SO ORDERED, this 21 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court were to do so, it would lack jurisdiction over such a petition. A petition under § 2241 may only be maintained in a district where there is *in personam* jurisdiction over the defendant. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Defendant currently is located at FCI Coleman, in Florida, which is not within the Eastern District of North Carolina.

2